Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North
Suite 400
San Diego, CA 92108
+1 310-997-0471
nick@wajdalawgroup.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY J. TYLER,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>**1. FAIR DEBT COLLECTION PRACTICES ACT,**<br><br>**2. REGULATION F,**<br><br>**3. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT.** |

**NOW COMES** GARY J. TYLER ("Plaintiff"), by and through his undersigned counsel, complaining of the Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 USC §1692 *et. seq.*, Regulation F ("REG F") pursuant to 12 CFR 1006 *et seq.*, and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of California, Defendant conducts business in the Eastern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

## PARTIES

4. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Oroville, California.

5. Defendant is a third-party debt collector who regularly attempts to collect allegedly defaulted debts from consumers originally owed to third parties. Defendant organized under the laws of the state of South Carolina and maintains its principal place of business at 135 Interstate Blvd Greenville, South Carolina 29615. Defendant uses the mail and telephone for the principal purpose of collecting defaulted debts from consumers on a nationwide basis, including consumers in California.

6. Defendant acted through its agents, employees, vendors, affiliates, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

7. Prior to the events giving rise to this action, Plaintiff has been experiencing several inaccuracies on his consumer credit report due to a mixed file regarding a third party who shares the same first name, last name, and resides in the same town, Oroville, California.

8. Consequently, after discovering inaccurate and materially misleading credit reporting to his credit report, Plaintiff placed a security freeze on his Lexis Nexis report in order to resolve any on-going inaccurate reporting.

9. On or around July 9, 2021, Defendant mailed a collection letter to Plaintiff attempting to collect three alleged debts owed to CF Medical LLC over $6,300 ("subject debts") ("Defendant's Letters").

10. Plaintiff was confused by Defendant's letters as the alleged subject debts did not belong to him. At no time did Plaintiff owe the alleged subject debts to Defendant or any of its predecessors.

11. Plaintiff felt extremely worried that there could be negative consequences if he did not pay the subject account, even though he knew he was not legally obligated to pay.

12. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

13. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

## DAMAGES

14. As of today, the erroneous collection of the alleged debts continues to paint a false and damaging image of Plaintiff.

15. As a result of Defendant's conduct, Plaintiff has suffered various types of damages as set forth herein, including humiliation, time expended monitoring his credit files, mental anguish, emotional distress, and costs associated with obtaining his credit reports from all three credit bureaus.

16. Due to Defendant's unethical collection efforts, Plaintiff was forced to retain counsel to correct Defendant's errors.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
*(15 U.S.C. §1692 et. seq.)*

17. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

18. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

19. The alleged subject debts are "debt[s]" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

20. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

21. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

22. Defendant used collection letters and credit reporting to attempt to collect the alleged subject debts and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

23. Defendant violated 15 U.S.C. §1692e, e(2), e(10) and f through its unlawful debt collection practices.

   **a. Violations of FDCPA § 1692e**

24. Pursuant to 15 U.S.C. §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of any debt.

25. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged subject debts. Defendant falsely attempted to collect the alleged subject debts from Plaintiff despite Plaintiff not owing the alleged subject debts due to Defendant's misleading and deceptive attempts to collect debts owed by another Gary Tyler.

26. Defendant violated §1692 e(10) by using false, deceptive, and misleading representation in connection to collection of the subject debt. In order to secure payments of the subject debts, Defendant falsely misrepresented Plaintiff's legal obligation to pay subject debts despite Plaintiff not owning the subject debts and having no legal obligation to pay.

27. As an experienced debt collector, Defendant knew or should have known the ramifications of using deceptive and misleading means to attempt to collect debts not owed.

### b. Violations of FDCPA § 1692f

28. Defendant violated §1692f when it used unfair and unconscionable means to collect the alleged subject debts from Plaintiff personally. The alleged subject debts were not owed at the time Defendant demanded payment, but Defendant demanded Plaintiff make a payment on subject debts even though it is not his account.

29. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on debts not owed at the time it made demands for payment.

**WHEREFORE**, Plaintiff, GARY J. TYLER, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoin Defendants from continuing to contact Plaintiff;
c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
e. Award any other relief as the Honorable Court deems just and proper.

### COUNT II - VIOLATIONS OF REGULATION F
### *(12 CFR 1600 et seq.)*

30. Plaintiff restates and realleges all paragraphs of this Complaint as through fully set forth herein.

31. Section 1006.18(b)(2) prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt." 12 CFR § 1006.18(b)(2).

32. Defendant violated §1006.18(b)(2) by misrepresenting Plaintiff's legal obligation to pay subject debts despite Plaintiff not owning the subject debts and having no legal obligation to pay.

33. Moreover, Defendant violated §1006.18(b)(2) when it falsely misrepresented the character, amount, or legal status of the alleged subject debts. Defendant falsely attempted to collect the alleged subject debts from Plaintiff despite Plaintiff not owing the alleged subject debts due to Defendant's misleading and deceptive attempts to collect debts owed by another Gary Tyler.

34. Defendant's deceptive and misleading behavior harmed Plaintiff and stripped him of his rights under the FDCPA and Regulation F.

35. As alleged above, Plaintiff was harmed by Defendant's misrepresentations in connection with the collection of the alleged subject debts not owed by Plaintiff.

**WHEREFORE**, Plaintiff, GARY J. TYLER, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute, thus violating the Fair Debt Collection Practices Act;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and
d. Award any other relief as the Honorable Court deems just and proper.

### COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "person" as defined by Cal. Civ. Code §1788.2(g).

38. The alleged subject debts are a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

39. Defendant is a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

    a.    **Violations of RFDCPA §1788.17**

40. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

41. As outlined above, through its conduct in attempting to collection upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e, e(2), e(10) and f of the FDCPA. Therefore, Defendant engaged in noncompliant conduct in its attempts to collect debts not owed from Plaintiff, in violation of the RFDCPA.

42. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendants' willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

43. As alleged above, Plaintiff was harmed by Defendant's misrepresentations in connection with the collection of the alleged subject debts not owed by Plaintiff.

**WHEREFORE**, Plaintiff GARY J. TYLER respectfully requests that this Court:

    a.    Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.    Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    c.    Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    d.    Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

    e.    Award any other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: February 28, 2022                    Respectfully Submitted,

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda (Cal. Bar No. 259178)
WAJDA LAW GROUP, APC
3111 Camino Del Rio North
Suite 400
San Diego, CA 92108
+1 310-997-0471
nick@wajdalawgroup.com
*Counsel for Plaintiff*